UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MARCUS MOSBY, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No. 4:16-CV-1131 RWS |
| STATE OF MISSOURI, | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] The petition will be summarily dismissed.

Petitioner is currently incarcerated at Northwest Correctional Complex at Tiptonville, Tennessee. He claims that on May 5, 2010, a U.S. Marshal placed an interstate detainer against petitioner with the Tennessee Department of Corrections, originating out of St. Louis County Criminal Court.

According to Missouri.Case.Net, on March 1, 2016, petitioner was charged by St. Louis Metropolitan Police Department with felony theft/stealing property worth over $500 or more but less than $25,000. Petitioner requests that this Court clear the interstate detainer because it is affecting his security status, "preventing him from being housed in a less restrictive prison setting such as a minimum security facility." The petition contains no other ground for relief.

---

[1] Petitioner has titled his application, "Motion to Quash Detainer." The Court presumes petitioner is bringing his application pursuant to 28 U.S.C. § 2254 only because he has brought his petition in the district in which the detainer originated. *See Braden v. 20th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-96 (1973); *Word v. North Carolina*, 406 F.2d 352, 255-56 (4th Cir. 1969). If petitioner were seeking relief pursuant to 28 U.S.C. § 2241, he would have had to have brought his petition in the district where he is currently confined, Tiptonville, Tennessee.

1

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a habeas petition if it plainly appears that the petitioner is not entitled to relief.

The issuance of a detainer is an act of the state based on the state's law and process. *Esposito v. Mintz*, 726 F.2d 371, 373 (7th Cir. 1984). Therefore, principles of comity and federalism limit the Court's jurisdiction to review only complaints that a state detainer has had adverse effects on the conditions of the petitioner's confinement. *Norris v. State of Georgia,* 522 F.2d 1006, 1012 (4th Cir. 1975).

Although petitioner states in a conclusory manner that he is unable to move to a minimum security facility as a result of the detainer, this is not an allegation, in and of itself, that states a conditions of confinement claim. Rather, petitioner is requesting a move from one prison to another with a lesser security status. This Court cannot assist him with such a request. Moreover, there is no indication that petitioner has properly exhausted his state remedies prior to bringing his claim to this Court.

In order to properly bring his claims to this Court, petitioner must first present his issues to the state courts "either by direct appeal or by petitioning for a writ of habeas corpus under state law." *Cain v. Petrovsky*, 798 F.2d 1194, 1195 (8th Cir. 1986). Such exhaustion of state remedies "is necessary before this petition properly may be entertained." *Id.* Petitioner has not exhausted these state remedies.[2] As a result, the Court will summarily dismiss the petition.

Accordingly,

---

[2] The Court has searched Missouri.Case.Net to analyze whether petitioner has brought his claims in Missouri state courts prior to bringing them in this Court. The Court has found no evidence of exhaustion.

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED AND DISMISSED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 9th day of September, 2016.

                                              RODNEY W. SIPPEL
                                              UNITED STATES DISTRICT JUDGE